387 So.2d 81 (1980)
Lamar G. SALTER
v.
STATE of Mississippi.
Nos. 51773, 51786.
Supreme Court of Mississippi.
July 30, 1980.
C.A. Henley, Jr., Jackson, Henry L. Rodgers, Louisville, Laurel G. Weir, Philadelphia, for appellant.
A.F. Summer, Atty. Gen. by Susan L. Runnels, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, SUGG and WALKER, JJ.
WALKER, Justice, for the Court:
These two cases are so interrelated that they have been consolidated for disposition on the Court's own motion.

*82 NO. 51,773

This is an appeal by Lamar G. Salter from a denial of a petition for writ of error coram nobis by the Circuit Court of Neshoba County, Mississippi.
Appellant, former administrator of the Neshoba County General Hospital and Nursing Home, was indicted on ten charges of embezzlement: three in the September 1977 Term, and seven in the February 1978 Term.
On February 20, 1978, appellant was to go to trial on the three original September 1977 indictments. However, when he appeared on that date for trial, the state offered to allow him to plead guilty to any two of the ten pending indictments and receive a three-year suspended sentence and pay a fine of $10,000. In return for appellant's agreement to plead guilty, the district attorney agreed to enter a nolle prosequi on the remaining eight indictments.
The appellant agreed to enter a plea of guilty, and the following exchanges took place before the trial judge in his chambers:

BY MR. WILLIAMSON:
Your Honor, the State would recommend a plea of guilty on two of the ten indictments.

BY THE COURT:
Which two?

BY MR. WILLIAMSON:
We haven't 

BY THE COURT:
Any two of the ten indictments.

BY MR. WILLIAMSON:
Any two of the ten indictments. We would recommend a fine of $10,000.00 be imposed upon the Defendant. That he serve a sentence of three years in the State Penitentiary, provided, however that that be suspended, three years on each of them to run concurrent. That those three years on each be suspended on this Defendant's good behavior, under probation. That the other eight simply be passed to the files.

BY THE COURT:
No sir. This is the end of it. They will all be nol prossed. You can make your recommendation and I will have the final word. If this is your trade, if this is what it is, it will be a three year sentence on any two to run concurrently, and the balance will be nol prossed. There are ten indictments on this book, and if you are going to settle it among yourselves in this type situation, I will go along with it, but this is the end of it as far as this Court is concerned.
Following the out-of-court proceeding the appellant was rearraigned before the court at 11:55 a.m., Monday, February 20, 1978. The trial judge interrogated the appellant and appellant's attorney in great detail as to whether the defendant knowingly, understandingly, freely and voluntarily desired to withdraw his pleas of not guilty. Whereupon, the appellant withdrew his pleas of not guilty and entered pleas of guilty as charged to causes numbered 7491 and 7492 in that court. The trial court accepted the guilty pleas as being voluntarily and understandingly given and sustained the district attorney's motion that the remaining eight indictments, then pending, be nol prossed. The appellant was sentenced to three years imprisonment, said sentence being suspended, and to pay a fine of $10,000.
Ten months later, on December 21, 1978, appellant filed his petition for a writ of error coram nobis in the Circuit Court of Neshoba County. The petition alleged numerous grounds for setting aside the guilty pleas in causes 7491 and 7492. The appellant urged, among other things, that his pleas of guilty were not free and voluntary and that he was unable to fully understand and appreciate the nature and quality of his acts on February 20, 1978. He further requested that he be allowed to withdraw his pleas of guilty and be discharged from any prosecution thereon, or, in the alternative, be given a speedy trial on the charges. The state answered the petition, denying all allegations set forth. A hearing was held on January 17, 1979, towards the conclusion of which the district attorney moved to reinstate the eight indictments on which he had entered a nolle prosequi in the event the *83 trial court granted the writ of error coram nobis. The trial court heard evidence by both sides and ruled that the petition would be denied; but then, in a surprise move and on the court's own motion, ordered appellant to stand trial on all eight of the previously nol prossed indictments and set all eight for trial on the first Monday of the next term of court. The trial judge ordered the previous indictments revived by whatever procedure the district attorney felt appropriate and mandated there would be no plea bargaining on those indictments.
On appeal to this Court, the appellant assigns as error that the lower court erred in failing to sustain his petition for writ of error coram nobis.
After a careful examination of the record and testimony presented to the trial judge on the issues involved in the proceedings on the petition, we are of the opinion that the trial court properly refused to set aside the former guilty pleas and sentences and grant the petitioner a new trial.
However, a more serious question is presented relative to appellant's second assignment that the lower court erred in reinstating the eight nol prossed indictments against appellant and ordering appellant to stand trial thereon.
We will discuss this assignment along with the appeal in cause No. 51,786.

NO. 51,786
This is an appeal from a conviction of embezzlement and sentence of twelve years in the Mississippi State Penitentiary.
Subsequent to the trial court's order that the eight nol prossed indictments be reinstated as discussed above, the Neshoba County grand jury, which was convened at the February 1979 Term, returned three indictments identical to three of the eight indictments that had been nol prossed in accordance with the plea bargain but ordered revived by the court on January 17, 1979. (The date of the error coram nobis hearing).
On February 5, 1979, the appellant was brought to trial under one of these three new indictments in cause no. 7561, which charged appellant with embezzlement of $20,249.37 from Neshoba County General Hospital. Following a jury verdict of guilty, appellant was sentenced to serve a term of twelve years in the Mississippi State Penitentiary.
The appellant urges, inter alia, that his conviction and sentence on this charge should be vacated for the reason that he was tried thereon in violation of the plea bargain agreed to by the prosecutor and the circuit judge.
The facts are not in dispute. The defendant was indicted on ten charges of embezzlement. A plea bargain was agreed upon between himself, the district attorney and the trial judge that he would plead guilty to two of the indictments and the other eight would be nol prossed. He entered his plea of guilty to the two indictments as agreed and was sentenced thereon. The other eight indictments were nol prossed. He later filed a petition for a writ of error coram nobis contending that his pleas were not understandingly and voluntarily entered. This petition was properly denied. (We affirmed that court's denial in the petition in cause no. 51,773 above). The judge then ordered the district attorney to revive the remaining eight indictments by "whatever means appropriate." This was done by reindicting appellant on three of the eight indictments. He was brought to trial in this cause on one of them, found guilty and sentenced to twelve years in the penitentiary. This was error.
The state, whether it be through the prosecutor, the trial judge, or both, is bound by its plea-bargain agreement with a defendant who pleads guilty pursuant to the agreement. This is true even though the defendant unsuccessfully attempts to have his plea vacated. However, if he is successful in having his plea vacated, then the state would be restored to its original position without prejudice to proceed as if no agreement had ever been reached.
In Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), it was said:

*84 The disposition of criminal charges by agreement between the prosecutor and the accused, sometimes loosely called "plea bargaining," is an essential component of the administration of justice. Properly administered, it is to be encouraged. If every criminal charge were subjected to a full-scale trial, the States and the Federal Government would need to multiply by many times the number of judges and court facilities.
Disposition of charges after plea discussions is not only an essential part of the process but a highly desirable part for many reasons. It leads to prompt and largely final disposition of most criminal cases; it avoids much of the corrosive impact of enforced idleness during pretrial confinement for those who are denied release pending trial; it protects the public from those accused persons who are prone to continue criminal conduct even while on pretrial release; and, by shortening the time between charge and disposition, it enhances whatever may be the rehabilitative prospects of the guilty when they are ultimately imprisoned. See Brady v. United States, 397 U.S. 742, 751-752, 90 S.Ct. 1463 [1470-1471, 25 L.Ed.2d 747, 758] (1970).
.....
[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled. (404 U.S. at 260, 92 S.Ct. at 498, 30 L.Ed.2d at 432-433).
On this record, Lamar Salter and the state negotiated and agreed upon a particular plea, the defendant has been unsuccessful in his attempt to set that plea aside and is held to it. Consequently, the state is also bound by its part of the agreement to nolle prosequi eight of the indictments, which includes this charge.
Therefore, in Cause No. 51,786 the judgment of conviction of embezzlement and sentence of twelve years in the penitentiary are vacated, and the appellant, Lamar G. Salter, discharged.
In Cause No. 51,773 the judgment of the lower court denying Lamar G. Salter's petition for a writ of error coram nobis is affirmed, but the sentence is modified.
The appellant was sentenced under section 97-11-31 which provides that upon conviction "he shall be imprisoned in the penitentiary not more than ten years, or in the county jail not more than one year, or be fined."
The Circuit Court of Neshoba County sentenced the appellant in Cause No. 7491 and Cause No. 7492 to serve three years in the penitentiary and to pay a fine of $10,000, with the sentences to run concurrently. This was error since the two methods of sentence under section 97-11-31[1] are alternative methods. Salter could be fined in one case and given a penitentiary sentence in the other, but not fined and sentenced in both. See Bass v. State, 328 So.2d 665 (Miss. 1976).
Therefore, the sentence in Cause No. 7491 in the Circuit Court of Neshoba County is modified to delete the fine of $10,000. The sentence in Cause No. 7492 is modified to delete the sentence of three years. This in effect leaves the agreement in full effect. In Cause No. 7491, the appellant is left to serve three years in the penitentiary but the sentence suspended according to the court's order. In Cause No. 7492, the appellant is left with a sentence to pay the agreed fine of $10,000.
Therefore, in Cause No. 51,773 before this Court, the judgment and sentences of the trial court are affirmed as modified.
IN NO. 51,786, THE CASE IS REVERSED AND DEFENDANT DISCHARGED; IN NO. 51,773, THE JUDGMENT AND SENTENCES ARE AFFIRMED AS MODIFIED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and COFER, JJ., concur.
NOTES
[1] Section 97-11-31: "If any officer, or other person employed in any public office, shall commit any fraud or embezzlement therein, he shall be imprisoned in the penitentiary not more than ten years, or in the county jail not more than one year, or be fined."