465 So.2d 1088 (1985)
Tyrone ALLEN
v.
STATE of Mississippi.
No. 55463.
Supreme Court of Mississippi.
March 20, 1985.
Boyd P. Atkinson, Cleveland, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by John H. Emfinger, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and SULLIVAN and ANDERSON, JJ.
*1089 ROY NOBLE LEE, Presiding Justice, for the Court:
Tyrone Allen was found guilty in the Circuit Court of Bolivar County on a charge of aggravated assault as an habitual offender, and was sentenced to twenty (20) years in custody of the Mississippi Department of Corrections, without probation or parole. He has appealed from the conviction and sentence and assigns one error in the trial below.

DID THE LOWER COURT ERR IN OVERRULING APPELLANT'S MOTION TO ENTER A PLEA OF GUILTY TO A PRIOR PLEA-BARGAINING ARRANGEMENT BETWEEN APPELLANT'S TRIAL ATTORNEY AND THE ASSISTANT DISTRICT ATTORNEY?
Jolee Green was the former girlfriend of appellant. Their relationship had terminated approximately two (2) weeks prior to March 11, 1983. On that night, appellant knocked on Jolee Green's bedroom window and called her. Thereupon, she went to the window, looked out, and saw appellant, who shot her twice with a shotgun, once in the face and in the right chest. Jolee Green survived the wounds but was hospitalized for approximately one month.
After indictment, appellant's attorney and the assistant district attorney engaged in plea bargaining discussions. The assistant district attorney offered to accept a guilty plea; recommend that appellant be sentenced to serve twenty (20) years in the state penitentiary; and recommend the habitual offender part of the indictment be dismissed. Appellant refused the offer and countered with an offer to plead guilty and accept a sentence of twelve (12) years. That counter-offer was declined by the district attorney. Upon his arraignment, appellant attempted to plead guilty and receive the 20-year sentence, to which the district attorney objected. The assistant district attorney had no recollection of offering to drop the habitual offender charge. There was no record made of the negotiations between him and appellant's counsel.
Appellant contends first that he accepted the assistant district attorney's proposed plea bargain of twenty (20) years (without being an habitual offender) and that he had a constitutional right that the bargain be specifically enforced.
The United States Supreme Court decided the question contrary to appellant's position in Mabry v. Johnson, ___ U.S. ___, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984). There the deputy prosecutor proposed to the defendant's attorney that in exchange for a plea of guilty, he would recommend a 21-year concurrent sentence. The following day, counsel communicated the offer to the defendant, who agreed to accept it. Shortly thereafter, defense counsel talked with the deputy prosecutor and advised him that the defendant accepted the offer. However, the deputy prosecutor told defendant's counsel that a mistake had been made and withdrew the offer. He then proposed that he would recommend a 21-year consecutive sentence in exchange for the defendant's plea of guilty, which proposal was rejected by the defendant. Subsequently, the defendant entered a plea of guilty and was given a 21-year consecutive sentence. Later, appellant filed a Federal habeas corpus proceeding which was dismissed by the district court. In holding that the defendant was not deprived of any constitutionally-protected interest, the Court said:
Respondent can obtain federal habeas corpus relief only if his custody is in violation of the Federal Constitution. A plea bargain standing alone is without constitutional significance; in itself it is a mere executory agreement which, until embodied in the judgment of a court, does not deprive an accused of liberty or any other constitutionally protected interest. It is the ensuing guilty plea that implicates the Constitution. Only after respondent pleaded guilty was he convicted, and it is that conviction which *1090 gave rise to the deprivation of respondent's liberty at issue here.
* * * * * *
Thus, because it did not impair the voluntariness or intelligence of his guilty plea, respondent's inability to enforce the prosecutor's offer is without constitutional significance. Neither is the question whether the prosecutor was negligent or otherwise culpable in first making and then withdrawing his offer relevant. The Due Process Clause is not a code of ethics for prosecutors; its concern is with the manner in which persons are deprived of their liberty. Here respondent was not deprived of his liberty in any fundamentally unfair way.
___ U.S. ___, ___, 104 S.Ct. at 2546, 2548, 81 L.Ed.2d at 442, 444-45.
Previously, in Weatherford v. Bursey, 429 U.S. 545, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977), addressing the question, the United States Supreme Court said:
But there is no constitutional right to plea bargain; the prosecutor need not do so if he prefers to go to trial. It is a novel argument that constitutional rights are infringed by trying the defendant rather than accepting his plea of guilty.
429 U.S. at 561, 97 S.Ct. at 846, 51 L.Ed.2d at 43.
Therefore, we hold that appellant had no constitutional right violated in the plea bargain.
The appellant contends second that the plea bargain agreement should be specifically enforced based upon contract law. At page 8 of his brief, he states:
We are not here before this Court to determine whether or not the Appellant should be allowed to withdraw his plea of guilty, but to determine whether or not the contractual obligation existing between the Assistant District Attorney, Frank O. Wynne, Jr., and Appellant's trial counsel, Boyd P. Atkinson, is enforceable upon the state based on simple offer and acceptance.
We have examined the decisions of other jurisdictions and think the reasoning of the Washington Supreme Court in State v. Wheeler, 95 Wash.2d 799, 631 P.2d 376 (1981), holding that, absent a guilty plea or some other detrimental reliance by the defendant, the prosecutor may revoke any plea proposal, is sound. The Court said:
The defendant seeks specific performance of the prosecutor's initial offer. He contends that the prosecutor could not legally rescind the offer until he had an opportunity to accept it. The issue, as framed by his argument, is one of first impression in this state.
The weight of authority is that, absent some detrimental reliance by the defendant, the State may withdraw from any plea agreement prior to the actual entry of a guilty plea. Government v. Scotland, 614 F.2d 360 (3d Cir.1980); State v. Collins, 300 N.C. 142, 265 S.E.2d 172 (1980); State v. Edwards, 279 N.W.2d 9 (Iowa 1979); Shields v. State, 374 A.2d 816 (Del.), cert. denied, 434 U.S. 893, 98 S.Ct. 271, 54 L.Ed.2d 180 (1977); People v. Heiler, 79 Mich. App. 714, 262 N.W.2d 890 (1977). That result has been reached by strictly applying contract principles and characterizing the plea bargain as a unilateral contract. That is, only the defendant's plea, or some other detrimental reliance upon the arrangement, constitutes an acceptance of the agreement; and consequently the bargain can be revoked if neither has occurred. Those courts have further reasoned that enforcing bargains made before the plea would inhibit the prosecutor's use of plea bargaining; and that the defendant, because she or he can still get a jury trial, has an adequate remedy for the State's revocation.
631 P.2d at 378-379. See also Mabry v. Johnson, supra.
The appellant here was tried by a jury and convicted subsequent to the revocation of the plea bargain offer by the assistant prosecutor. Under the authority of Mabry, supra, the appellant has no constitutional right to specifically enforce the proposed plea bargain. The offer was withdrawn before appellant entered a plea *1091 of guilty, and, since the appellant has made no claim or shown no detrimental reliance, we are of the opinion that the appellant is not entitled to specific enforcement based upon contract principles.
The judgment of the lower court, therefore, is affirmed.
AFFIRMED.
PATTERSON, C.J., WALKER, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.