503 So.2d 262 (1987)
Larry S. HENTZ
v.
STATE of Mississippi.
No. 56375.
Supreme Court of Mississippi.
February 18, 1987.
*263 Richard J. Lee, Wilroy, Lee & Scott, Hernando, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Leyser Q. Morris, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and ROBERTSON and ANDERSON, JJ.
ROY NOBLE LEE, Presiding Justice, for the Court:
Larry S. Hentz has appealed to this Court from a judgment of the Circuit Court, Tate County, Mississippi, dismissing his motion to set aside a plea of guilty to the crime of murder less than capital and sentence to serve life in the custody of the Mississippi Department of Corrections. The sole question presented is whether or not the lower court erred in dismissing appellant's motion and in failing to hold an evidentiary hearing on the motion.
The record consists of the motion to set aside guilty plea, together with the guilty plea and copy of an indictment returned by the Grand Jury of DeSoto County, Mississippi, charging appellant with perjury, both exhibited to the motion, and the order of the Circuit Court of Tate County dismissing the motion.
Appellant entered a plea of guilty on November 18, 1983, to the crime of murder, pursuant to a written plea bargain agreement with Robert L. Williams, Assistant District Attorney. Pertinent parts of the plea bargain agreement provided:
6. In exchange for the pleas of guilty to the charge set forth above, the Defendant agrees to the following:
(a) To testify truthfully in the trial of Cecilia Ann Williamson and in any trial of Owen Lee Harden.
(b) The Defendant agrees to immediately be debriefed by law enforcement agents concerning his knowledge of the events surrounding the charge against Cecilia Ann Williamson and Owen Lee Harden.
(c) The Defendant agrees to submit to a polygraph examination at a later date to determine the accuracy of the information given law enforcement during the debriefing.
(d) In the event that, with respect to the money seized from the Defendant at the time of his arrest, the polygraph indicates no deception, the money will be returned to his mother.
7. It is further agreed that if the Defendant testifies truthfully in the trial of Cecilia Ann Williamson and/or Owen Lee Harden, the following will occur.
(a) The Grand Larceny charge pending against the Defendant in Lafayette County will be dismissed.
(b) That no new charge will be presented against this Defendant by the District Attorney of the Seventeenth Judicial District and that the District Attorney will close his file against this Defendant.
8. It is further agreed that the State will return to the Defendant all personal belongings of Defendant seized at the time of his arrest.
9. In the interim between the pleas of this Defendant to the above charge and the trial of the above named Cecilia Ann Williamson and Owen Lee Harden, the State will do everything within its power to see that the Defendant is incarcerated by the Mississippi Department of Corrections at its Parchman facility and not in any County Jail.
10. It is expressly understood between the parties that if the Defendant does *264 not honor the terms and conditions of this agreement, that the State will consider the agreement null and void. Any breach of this agreement whatsoever by the Defendant will cancel each and every portion of the agreement thereof and the State will be permitted to take any and all actions and/or actions deemed advisable, in the sole discretion of the State. Any release shall be left solely to the Mississippi Department of Corrections.
Appellant contends that he was always willing to testify truthfully in the trial of Cecilia Ann Williamson, but that he was not called by the district attorney to testify in the case; and that, subsequently, he was tried and convicted of receiving stolen property in Lafayette County and was indicted in DeSoto County for the crime of subornation of perjury. He further contends that the State violated the plea agreement by not calling him to testify in the trial of Cecilia Ann Williamson and that the plea of guilty to murder and sentence should be vacated and set aside.
The lower court dismissed the motion for the following reasons:
1.) Defendant's plea was voluntary.
2.) The State did not breach the plea agreement; but, to the contrary, Defendant/Movant, by his refusal to testify truthfully in Cecilia Ann Williamson's Capital Murder trial (which was tried in Pontotoc County in January 1984, Cause No. 8910), did breach the plea agreement.
3.) All prosecutions pursued by the State of Mississippi subsequent to the plea agreement were permitted pursuant to rulings by the Circuit Court of Lafayette County, Mississippi, Judge William Lamb, presiding; and pursuant to ruling of the Circuit Court of DeSoto County, Mississippi, Judge George C. Carlson, Jr., presiding.
The motion to set aside plea was filed pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act, Mississippi Code Annotated § 99-39-1, et seq. (Supp. 1986). The State contends that the motion was insufficient under § 99-39-9(1)(e).
Section 99-39-11(2) states:
If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified.
We refer again to the lower court's third ground for dismissal which states:
3.) All prosecutions pursued by the State of Mississippi subsequent to the plea agreement were permitted pursuant to rulings by the Circuit Court of Lafayette County, Mississippi, Judge William Lamb, presiding; and pursuant to ruling of the Circuit Court of DeSoto County, Mississippi, Judge George C. Carlson, Jr., presiding.
In Hentz v. State, 496 So.2d 668 (Miss. 1986), in affirming the lower court's charges of contempt for failing to answer questions regarding this murder to which appellant had previously pleaded guilty pursuant to the plea bargain agreement, the Court said:
Requiring the defendant here to answer the questions did not expose him to criminal prosecution for the murder of Williamson. He had already pled guilty. His Petition for Writ of Habeas Corpus or, in the Alternative, to Withdraw Guilty Plea came months after the term of court expired wherein he had pled and sentence had been entered. The petition must be considered as one under the Post-conviction Collateral Relief Act. It is interesting to note that the petition alleges that a plea bargain agreement was violated because he was charged with grand larceny as a habitual offender in Lafayette County. There is now outstanding an instanter capias on that charge. Assuming the allegation to be true, the state could not prosecute him for the grand larceny and it does not affect the verity of the plea to murder. The Constitutional Fifth Amendment privilege is intended to protect the witness and has no proper application when the witness is not in danger of prosecution or conviction.
496 So.2d at 672. (Emphasis added)
In Salter v. State, 387 So.2d 81 (Miss. 1980), the Court specifically enforced an *265 agreement in which the lower court had accepted a plea of guilty. In Salter, the prosecutor had promised to drop other charges in exchange for a guilty plea. This Court reversed the appellant's convictions based on those other charges, holding that the State was bound by the court-accepted agreement. Salter, 387 So.2d at 83. This same reasoning was accepted in Allen v. State, 465 So.2d 1088 (Miss. 1985), with the controlling caveat that, for the agreement to be enforceable, the guilty plea pursuant to the agreement must first be accepted by the court.
Regardless of whether or not the State violated the plea bargain agreement subsequent to entry of the guilty plea by appellant, such violation would not require setting aside the sentence and guilty plea. Action for relief, if warranted, should be directed to those causes in Lafayette County and DeSoto County.
The judgment of the lower court is affirmed.
AFFIRMED.
WALKER, C.J., HAWKINS, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.