HAWKINS, Chief Justice,
for the Court:
Benny Ray Singleton appeals his conviction in the circuit court of Hancock County of capital rape — carnal knowledge of a female under twelve years of age in violation of Miss.Code Ann. § 97-3-65(1), and sentence to life imprisonment. The only issue we address on appeal is the district attorney’s reneging on its plea bargain with Singleton. Finding that Singleton was not prejudiced in his defense by such withdrawal by the State, we affirm.

FACTS

Singleton was indicted by a grand jury of Hancock County of having carnal knowledge of a female eleven years of age. The district attorney made an offer in return for a plea of guilty to recommend a ten-year prison sentence to be suspended, and Singleton placed on three years probation. Defense counsel accepted.
The district attorney later backed out of the agreement. At the beginning of trial, defense counsel moved the court to require the State to live up to its bargain, which the circuit judge overruled. The case proceeded to trial, Singleton was convicted, and now appeals.

*1291
LAW

Prefatorily we note this is not a ease in which the State announced its decision to withdraw the bargain after a plea of guilty had been entered in court. Salter v. State, 387 So.2d 81 (Miss.1981); Allen v. State, 465 So.2d 1088, 1090-91 (Miss.1985). Nor is this a case where the State reneged following Singleton having testified as a State witness pursuant to a plea bargain. Hentz v. State, 503 So.2d 262, 264 (Miss.1987); nor a case where Singleton gave up a valuable right in reliance on the agreement only to have the State subsequently renege. Danley v. State, 540 So.2d 619 (Miss.1988); Edwards v. State, 465 So.2d 1085 (Miss.1985).
Other than keen disappointment, there is nothing in the record to suggest, nor does Singleton intimate on appeal, that his defense was prejudiced in any way by the district attorney backing out of the deal. Mabry v. Johnson, 467 U.S. 504, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984), holds there is no United States constitutional issue involved in the government’s withdrawal from a plea bargain agreement prior to entry of a plea of guilty. By statute, a district attorney cannot compromise any cause without consent of the court. Miss. Code Ann. § 99-15-53. Absent a guilty plea or some other detrimental reliance by defendant, the prosecutor was under no legal inhibition to revoke his agreement. Allen v. State, 465 So.2d 1088 (Miss.1985). Neither is the defendant bound by an agreement up until the time he enters a plea.
CONVICTION OF RAPE — CARNAL KNOWLEDGE OF A FEMALE UNDER TWELVE (12) YEARS OF AGE AND SENTENCE OF LIFE IMPRISONMENT AFFIRMED.
DAN M. LEE, and PRATHER, P.JJ., and SULLIVAN, PITTMAN, BANKS, McRAE, ROBERTS and SMITH, JJ., concur.