IRVING, J.,
for the Court:
¶ 1. Rosie Marie Kline entered a plea of guilty to a charge of aggravated assault and was sentenced to a term of fifteen years, eight years to serve with seven years on post-release supervision, in the custody of the Mississippi Department of Corrections. Aggrieved of this sentence, Khne filed a motion for resentencing or withdrawal of the plea, which the circuit court denied. Kline appeals to this Court raising the following issue as error:
I. THE COURT ABUSED ITS DISCRETION DURING THE SENTENCING OF THE DEFENDANT, WHEN IT TOTALLY DISREGARDED THE PLEA BARGAIN RECOMMENDATION OF THE DISTRICT ATTORNEY AND SENTENCED THE DEFENDANT TO A SUBSTANTIALLY HIGHER PRISON TERM; AND THEN OVERRULED DEFENDANT’S MOTION FOR RE-SENTENCING OR FOR WITHDRAWAL OF PLEA, WHICH WAS SUPPORTED BY THE PROSECUTION.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. On July 22, 1997, Khne entered a plea of guilty of aggravated assault in the Circuit Court of Walthall County. During the plea .colloquy the circuit court informed Kline of the minimum and maximum sentences and fines allowed by law. Khne acknowledged that she understood. The circuit court then informed Khne that it could sentence up to the maximum penalty provided by the law. Khne again acknowledged that she understood. The State then gave the circuit court its recommendation of three years, with the first six months to serve, a fine of $1,000, and to pay all restitution to the victim. The State explained that the reason they were suggesting such a hght sentence was that the victim had told three different stories of the incident and the State felt that taking the case to trial would be very difficult. The circuit court found that Khne had knowingly, willingly, freely, and voluntarily entered her guilty plea. The court reserved sentencing until August 1, 1997.
¶4. At the hearing on August 1, 1997, the circuit court sentenced Khne to fifteen years, with the first eight years to serve, and the last seven years on post-release supervision, a $2,000 fine, $1,000 to the Crime Victim’s Compensation Fund, full restitution to the victim, and that Khne get her G.E.D. and undergo alcohol and drug treatment while in custody. The court commented that he had no part of the plea bargain process and he was not bound by the recommendation of the State. The circuit court explained that the reason her sentence was “so hght” was because she had pled guilty and that there were several different accounts of what had occurred. The court felt, however, that since the victim was over seventy years old, in poor health, and Khne had used a lawn mower blade in the assault, her sentence should be fifteen years, with seven years post-release supervision, in the custody of the Mississippi Department of Corrections.
¶ 5. On August 11, 1997, Khne filed a motion for resentencing or in the alternative withdrawal of her guilty plea. This motion stated that the sentence imposed by the court was severe and excessive in that the victim had made a complete recovery from his injuries, except for the loss of one finger tip; the victim lied in his grand *946 jury testimony because in that testimony the victim denied any sexual relationship when he had previously given a statement where he admitted a sexual relationship with Kline; the victim was engaged in purchasing sex from Kline; Kline was addicted to cocaine at the time of the commission of the offense; and had the victim not invited Kline to have sex with him in exchange for money, and then refused to pay her, then the offense would have never occurred. Kline asserted that based on the foregoing she relied on the district attorney’s recommendation of six months when she entered her plea.
¶ 6. The circuit court held a hearing on Kline’s motion on October 27, 1997. Kline’s attorney argued that Kline had detrimentally relied on the district attorney’s recommendation. Her counsel asserted that they had discussed viable defenses to the charge against her, but with the maximum penalty involved she decided to rely on the plea agreement. Counsel argued that the court did not indicate that it would not follow the district attorney’s recommendation when it accepted Kline’s plea.
¶ 7. The assistant district attorney put in the record why the State had recommended its sentence of three years, six months to serve with the balance of two and a half years on post-release supervision. As soon as the district attorney’s office had started investigating the incidence, Kline asserted that the victim had a weapon and she was only defending herself. Over the course of the investigation, the victim stated and testified before the grand jury, that he had no weapon. However, after the proceeding in court, the victim presented himself to the sheriffs department to inquire whether his gun had been found. Because of these inconsistencies, the assistant district attorney stated that he had no objection to Kline withdrawing her guilty plea.
¶ 8. The circuit court denied the motion. The court found that Kline had been read the rights she was foregoing by pleading guilty, that Kline had been informed that she could be sentenced by the court up to the maximum penalty, and that Kline understood that the penalty was to be determined by the judge within the penalty limits set by law and that the court was not bound by any promise or recommendation.[1] The judge stated that had he told everyone he was not going to go along with the plea recommendation he then would have become involved in the plea bargaining process. The court also put in the record some of the circumstances which lead him to sentence Kline to fifteen years. Even though there were several stories about what happened, the court had seen the victim several times and that he had lost all but about a half an inch of a finger. The court knew that the victim had been placed in intensive care for several days for loss of blood and if someone had not gotten the victim medical attention he would have bled to death. The court observed that Kline was in good physical condition, and, despite what happened on the day of the incident, all she had to do was push the victim over since the victim was disabled. Rather than to that, Kline used the sharp edge of a lawn mower blade to attack him.
¶ 9. Aggrieved by the sentence rendered against her, Kline has perfected an appeal to this Court.
ANALYSIS
¶ 10. Kline argues on appeal that the circuit court abused its discretion when it sentenced her to fifteen years. She argues that she could show this Court that the district attorney had a factually weak case to prosecute, in that the victim was *947 accused of buying sex from her; the victim had made several statements to law enforcement officers which were inconsistent with one another; the crime occurred at the home of the victim in Walthall County, Mississippi, while she was a resident of Pike County, Mississippi. Kline opines that having all the above factors in mind, along with the fact that she had no prior felony record, the district attorney recommended, in a plea bargain, that she be sentenced to three years, to serve only the first six months. Kline argues that had she known the circuit court would not be following the district attorney’s recommendation, she would not have pled guilty.
¶ 11. The Mississippi Supreme Court and this Court have said many times that we will not review a sentence given if it is within the limits prescribed by statute. Moore v. State, 394 So.2d 1336, 1337 (Miss.1981); Boyington v. State, 389 So.2d 485, 491 (Miss.1980). However, “agreements between the State and defendants must be upheld by the trial court where a criminal defendant has detrimentally relied upon the agreement.” Moody v. State, 716 So.2d 592 ¶ 16 (Miss.1998) (citing Edwards v. State, 465 So.2d 1085 (Miss.1985); Boyington, 389 So.2d at 491) (emphasis added). “To be sure, while there is no constitutional right to enforcement of a plea bargain, contractual principles of reliance may, under certain conditions, be enforced against the prosecution.” McFee v. State, 511 So.2d 130, 133 (Miss.1987) (citations omitted).
¶ 12. In Moody, the trial judge refused to accept a proffered guilty plea in a capital murder case where the State agreed not to pursue the death penalty in exchange for Moody’s cooperation. Moody, 716 So.2d at 592(¶ 1). On appeal Moody argued that he had detrimentally relied upon the State’s recommendation by 1) giving several statements to the State about his and others’ participation in various murders; 2) fully disclosing all information he possessed about the charged crimes, as well as another murder; 3) submitting to he detector tests; and 4) making himself available to testify against the co-defendants charged with the crimes. Id. at ¶ 6. The Mississippi Supreme Court held that “in light of Moody’s detrimental reliance upon and performance of many terms of the agreement and in light of the State having reaped the benefits of that reliance and performance, the agreement should be enforced by the trial court in toto.” Id. at ¶ 18.
¶ 13. In Boyington, the trial judge participated in the plea bargaining and led Boyington to believe that if he served as a confidential informant in other cases he would be given probation. Id. at 488. After Boyington performed his part of the bargain, Boyington’s guilty plea was rejected, he went to trial and he was sentenced to eight years. Id. at 489. The Mississippi Supreme Court, in reversing, found that where the appellant, with the knowledge of the trial court, worked for the Mississippi Bureau of Narcotics in an undercover capacity and was promised by the Bureau and the district attorney that they would recommend probation, justice required that Boyington’s sentence to eight years be vacated and he be placed on probation. Id. at 491.
¶ 14. Ray Edwards, a former Leake County constable, came to an agreement with the district attorney whereby Edwards would resign his position in exchange for immunity from prosecution for extortion. Edwards, 465 So.2d at 1085. However, the district attorney did not motion the trial court to enter a nolle prose-qui. Id. at 1086. Subsequently, the grand jury, on its own initiative, decided to investigate Edwards. Id. at 1085. Edwards’ motion to quash the indictment was denied, and he was tried and found guilty of extortion. Id. at 1086. In reversing, the Mississippi Supreme Court found that the trial court abused its discretion in not quashing the indictment because Edwards had detrimentally relied on the promise of the district attorney. Id.
*948 ¶ 15. In view of the foregoing cases, Kline has not shown this Court that she detrimentally relied on the district attorney’s recommendation. Detrimental reliance in the context of plea bargaining has been defined by the Mississippi Supreme Court as a “plea bargain with something more, such as where the defendant serves as a witness for the state ... or as an undercover informant....” Martin v. State, 635 So.2d 1352, 1356 (Miss.1994). Kline has not shown that she undertook any such detriment in this case.
¶ 16. In the instant case, the circuit court upheld its original sentencing of Kline and its decision to deny Kline’s motion for resentencing or for withdrawal of plea on the case of Martin. In Martin, the trial judge rejected the State’s recommendation of a five year sentence and sentenced Martin to a term of eight years in the custody of the Mississippi Department of Corrections. Id. at 1352. In affirming, the Mississippi Supreme Court found that “the judge was not part of the deal worked out between him and the state.... The court never bound itself to follow the recommendation of the prosecutor. In order to renege on a deal, you must be a part of the deal.” Id. at 1354. The court found that the trial judge did not participate in the plea agreement in any way and had thoroughly explained to Martin that the circuit court did not have to follow the recommendation of the prosecution. Id. at 1355.
[Wjhere the prosecutor has done nothing more than promise to recommend that the trial court grant the accused a certain concession, pursuant to the plea agreement, and if the judge informed the accused that he is not bound to accept the state’s recommendation, it is not error if the trial court does not follow the prosecutor’s sentencing recommendation.
Id. (citing Moore v. State, 394 So.2d 1336, 1337 (Miss.1981)).
¶ 17. Kline’s case is closely analogous to the Martin decision. Kline was advised by the circuit court that it was authorized to impose any sentence within the statutory limits, and the record reveals that the circuit court was in no way involved with the plea bargaining. Since Kline did not detrimentally rely, as defined in the plea bargaining context, on the recommendation of the prosecution, the circuit court was not involved in the plea bargaining process, and since the circuit court informed Kline that it could sentence her up to the maximum sentence allowed by law, we find the circuit court did not abuse its discretion in this instance. Therefore, we affirm.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF WALTHALL COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WALTHALL COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, COLEMAN, DIAZ, PAYNE, AND THOMAS, JJ., CONCUR.
LEE, J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY KING, P.J., AND BRIDGES, J.

. After reading the transcript we did not find where the circuit court informed Kline that it was not bound to follow the prosecution’s recommendation; however, the circuit court did inform Kline of the maximum and minimum sentence and that the court could sentence her up to the maximum penalty provided by the law.