**IN THE SUPREME COURT OF MISSISSIPPI**

**NO. 1999-CP-00844-SCT**

*TIMOTHY TERRELL LEWIS*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/27/1999 |
| TRIAL JUDGE: | HON. W. SWAN YERGER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEWITT T. ALLRED, III |
| DISTRICT ATTORNEY: | EDWARD J. PETERS |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | REMANDED - 11/16/2000 |
| MOTION FOR REHEARING FILED: | 11/29/2000; denied 2/15/2001 |
| MANDATE ISSUED: | 2/22/2001 |

**EN BANC.**

**SMITH, JUSTICE, FOR THE COURT:**

¶1. Timothy Terrell Lewis appeals to this Court from an order of the Circuit Court of the First Judicial District of Hinds County, entered on April 27, 1999, dismissing his motion for post-conviction collateral relief filed on July 16, 1998. However, we find that, from the record in this case, this Court cannot resolve the issues raised by Lewis. There is also a question of whether this Court has jurisdiction, as there currently appears to be an open motion at the trial court level regarding Lewis's motion to clarify his sentence. We therefore remand this case for the purpose of augmenting the record, particularly that of sentencing transcripts, an order ruling on Lewis's motion to clarify the sentence, and any pertinent affidavits.

**STATEMENT OF THE CASE**

¶2. Timothy Terrell Lewis ("Lewis") was indicted by the Grand Jury of Hinds County, Mississippi, in separate indictments for burglary ("burglary case") and the sale of cocaine ("sale case").

¶3. On November 24, 1997, Lewis entered a guilty plea to both charges before Circuit Judge W. Swan Yerger. The petitions to enter pleas of guilty in the burglary case and the sale case were accepted, and the court entered judgments of conviction and sentenced Lewis on the same day.

¶4. In the burglary case, Lewis was sentenced to a term of ten years' imprisonment with five years thereof suspended upon two years' probation. The sentence was to be served consecutively to the sentence in the

sale case in which he was sentenced to a term of ten years' imprisonment with seven years thereof suspended upon three years' probation.

¶5. On December 31, 1997, Lewis's attorney, Richard Rehfeldt, filed a motion to reconsider, asking the court to reconsider the sentences and impose the two sentences to run concurrently rather than consecutively. Neither the State, nor this Court, can find any order disposing of this motion.

¶6. On March 14, 1998, Lewis wrote to Judge Yerger asking to be re-sentenced to concurrent terms. On April 30 of that year, Lewis filed a motion to clarify the sentence (pro se) seeking similar relief. The motion was denied on July 20, 1998.

¶7. Lewis filed a petition for post-conviction relief ("PCR") on July 16, 1998, and it was dismissed by the circuit court on April 27, 1999. Lewis's appeal from that order is now before this Court.

## STANDARD OF REVIEW

¶8. This Court has held that where a prisoner is proceeding pro se, we shall take into consideration that fact, and in our discretion, not dismiss meritorious complaints simply because they are not artfully drafted. *Moore v. Ruth*, 556 So.2d 1059, 1061 (Miss. 1990). We shall also take the well-pleaded allegations of the complaint as true. *Myers v. State*, 583 So.2d 174, 176 (Miss. 1991).

### I. WHETHER THE TRIAL COURT ERRED IN DISMISSING LEWIS'S MOTION FOR POST-CONVICTION COLLATERAL RELIEF.

¶9. Although Lewis alleged "coercion," "involuntary plea," and "ineffective assistance of counsel," it appears that Lewis's PCR motion, in essence, was a claim that the State violated the rule set forth in *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed. 2d 427 (1971).

¶10. Lewis maintains that he entered a guilty plea which was coerced by the nature of his plea bargain agreement. Lewis agreed to plead guilty to charges in both the sale and the burglary case if the State would recommend that sentences for both crimes run concurrently. Instead, Lewis contends, the State violated the plea agreement by recommending the sentences run consecutively.

¶11. The State contends that Lewis's PCR motion, read as a whole, made it clear that he was complaining of the State's alleged change of its recommendation, not that the recommendation itself "coerced" his guilty plea. Furthermore, the State asserts that Lewis swore in his petitions to plead guilty that no promises or inducements of any kind had been made to obtain his plea (specifically, that no one had promised him a lighter sentence or any other form of leniency) and that his plea was wholly voluntary.

¶12. The general rule requiring governmental adherence to promises made during plea negotiations is subject to two conditions. First, the agent making the promise must be authorized to do so, and second, the defendant must detrimentally rely on the promise. If either condition is lacking, then the agreement is unenforceable and the government may withdraw its offer. *Evans v. State*, 725 So.2d 613, 639 (Miss.1997)(quoting *United States v. Kettering*, 861 F.2d 675, 677 (11th Cir.1988)). Considering two assistant district attorneys handled Lewis's plea agreement, there is no need for discussion on whether the promise to recommend concurrent sentences was made by an agent authorized to do so. The ultimate legal question, then, is whether Lewis detrimentally relied upon the plea agreement.

¶13. In *Salter v. State*, 387 So.2d 81 (Miss.1980), this Court held, "The state, whether it be through the prosecutor, the trial judge, or both, is bound by its plea bargain agreement with a defendant who pleads guilty pursuant to the agreement." *Id*. at 83. If the defendant is found to have detrimentally relied on the State's promise made pursuant to his plea, the State is bound by the provisions of that plea agreement. *Rush v. State*, 749 So.2d 1024 (Miss. 1999)(A plea agreement obligated the prosecution to recommend a sentence of fifteen years and drop the habitual charge as well as charges of embezzlement and burglary). Furthermore, the United States Supreme Court has held that when a plea bargain rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such a promise must be fulfilled. *Santobello,* 404 U.S. at 262, 92 S.Ct. at 499, 30 L.Ed.2d at 433.

¶14. The proof before this Court is limited. The record provides plea agreements in which Lewis pled guilty to burglary and the sale of cocaine, with sentences to be served concurrently. However, there are no transcripts from the sentencing hearing, nor any record of an order denying Lewis's motion to clarify his sentence. It would be extremely harsh for this Court to fault Lewis, given the fact that he has attempted to procure these documents but received no response from the Hinds County Circuit Court. In fact, Lewis sent the Circuit Court Clerk a seven-page petition for production of court transcripts complete with case law citations.[1] This Court has held in such cases that it would be impermissible to dismiss the appellant's case for not providing all applicable records and transcripts when an attempt to do so had been made. *Ford v. State*, 708 So.2d 73, 76 (Miss. 1998).

¶15. The State even acknowledges that if a fast one had been pulled and the State had "changed its sentencing recommendation after Lewis had been convicted upon his plea of guilty, Lewis obviously has a valid claim under *Santobello*" and that "one way in which to determine what happened at the plea hearing would be to conduct an evidentiary hearing."

¶16. Last, the State argues that Lewis's PCR motion should be dismissed because it did not satisfy the affidavit requirement of Miss. Code Ann. § 99-39-9(1)(e) (2000). While Lewis did in fact fail to submit any affidavits, this Court has held in the past that the fact that no affidavits are submitted with a prisoner's PCR motion, does not in and of itself render the motion invalid. *Ford,* 708 So.2d at 75. In *Ford*, this Court held that:

> The statute states affidavits are required of those witnesses that will testify. Thus, if there are no witnesses to the allegations asserted by the appellant, there is no requirement for supporting affidavits. Rather, the appellant may attest to the facts that he intends to prove through his petition. Thus, a motion for Post-Conviction Relief is not properly denied based solely on the fact that there are no supporting affidavits.

*Id.* at 75. It would appear that the only potential witness to the allegations set forth by Lewis would be Lewis's former attorney. Considering the fact that Lewis has also made an allegation of ineffective assistance of counsel,[2] he would be hard pressed to get an affidavit from his former attorney.

¶17. It is well settled that "[t]his Court may not act upon or consider matters which do not appear in the record and must confine itself to what actually does appear in the record." *Fuselier v. State*, 654 So.2d 519, 521 (Miss. 1995) (quoting *Dillon v. State*, 641 So.2d 1223, 1225 (Miss. 1994)). Following the Court's actions in *Dillon*, this case could be remanded for the purpose of augmentation of the record or this Court has the option of recognizing plain error. *See Fuselier*, 654 So.2d at 522; *Grubb v. State*, 584

So.2d 786, 789 (Miss. 1991). Based on the particular facts at bar, the proper course of action in this case is to remand for augmentation of the record. It is crucial to note that *Dillon* and *Fuselier* do not stand for the blanket proposition that in any case in which an appellant fails to supply this Court with a proper record, we must remand to the lower court for augmentation. Such an interpretation guts our numerous cases, still sound law, regarding the appellant's duty to make the record and the consequences if his or her failure to do so. *See, e.g.*, ***Brooks v. State***, 748 So.2d 736, 743 (Miss. 1999); ***Bang v. Pittman***, 749 So.2d 47, 52 (Miss. 1999); *Smith v. State*, 572 So.2d 847, 849 (Miss. 1990). While the State requests that this Court overrule *Fuselier* and *Dillon*, we choose not to do so at this time.

## CONCLUSION

¶18. Although Lewis has stated evidentiary facts and conclusory allegations which would warrant further review by this Court, a full record, including transcripts from Lewis's sentencing hearing,[3] the "lost" order denying Lewis's motion to reconsider and any relevant affidavits are needed. If there is no order, then there apparently is a motion still open at the trial court level which relieves this Court of jurisdiction over Lewis's case. Based on the facts that Lewis appeals pro se and that Lewis has repeatedly attempted to complete the record before this Court, this Court directs that the record be augmented. This case is remanded to the trial court for further proceedings and determination consistent with this opinion.

¶19. **REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.**

 

**PRATHER, C.J., PITTMAN AND BANKS, P.JJ., MILLS, WALLER AND COBB, JJ., CONCUR. McRAE, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DIAZ, J., NOT PARTICIPATING.**

1. The petition was provided as Exhibit D to Lewis's reply brief.

2. Lewis alleges in his appeal that he was denied effective assistance of counsel when defense counsel failed to object to the State's recommendation of his sentence to be run consecutive after a plea bargain agreement had been reached between Lewis, defense counsel and state prosecutors. However, lacking any record or transcripts from the sentencing hearing, this issue is not properly reviewable by this Court at this time.

3. At this point the record does not reflect actually what was recommended at sentencing.