LEE, J.,
for the Court:
¶ 1. The appellant, Terry Potts, appeals from the Circuit Court of Quitman County where he was found guilty after a trial by jury for the crime of burglary of a dwelling in violation of Miss.Code Ann. § 97-17-23 (Rev.1994). Potts was sentenced to four years in the custody of the Mississippi Department of Corrections and to an additional four years of post-conviction release supervision upon release from his term of incarceration. He asserts as error that evidence regarding cocaine possession and use should not have been introduced, that the verdict was against the overwhelming weight of the evidence, and that the case should have been dismissed. Finding no reversible error, we affirm.
FACTS
¶2. On April 29, 1998, between the hours of 8:00 a.m. and 8:00 p.m., the home of Mr. and Mrs. Garnett in Marks, Mississippi was burglarized. Mrs. Garnett testified that a VCR with an inserted videotape was taken from the house. Upon discovery of this incident the police were notified and responded.
¶ 3. Chief Sims, who had been the Chief of Police of the City of Marks for thirteen years, was informed -of the incident about 8:45 p.m. that same night. During Sims’s investigation, he . approached a Glynn Rucker on the night of April 29 and asked him if he knew anything about the burglary or the VCR. The investigation revealed that Terry Potts had approached Rucker at Rucker’s residence with a VCR which matched the description of the one that was missing. Rucker told Sims that Potts wanted $20 for the VCR and Sims gave Rucker $20 to buy it. The next morning at 10 a.m. Sims met Rucker in Rucker’s front yard and Rucker gave him the VCR, which was in a vehicle parked behind the residence of Rucker’s neighbor, Darrell Harris. Chief Sims took a statement from Darrell Harris on that day, which Harris signed. Harris stated that Potts approached Rucker and told him he had a *502 VCR to sell. Harris stated that the VCR was on the seat of Potts’s truck and that Potts was driving the truck.
¶ 4. Glynn Rucker testified for the State that Terry Potts came to his house on April 29th at approximately 5:00 p.m. with a VCR that he wanted to trade for crack. Rucker traded $20 worth of crack, which he got from Darrell Harris, for the VCR about 5:00 p.m. Rucker put the VCR in his house but later that same day gave it to Darrell Harris who lived two houses away from him. Rucker testified that a tape was in the VCR when he received it. Later that night, Rucker testified he talked to Chief Sims about the VCR and told him that he could get the VCR for him. Sims gave him $20 to purchase the VCR. Ruck-er said that he did not tell Chief Sims at that time that he had already exchanged crack for the VCR because he did not know if Harris still had the VCR in his possession. Rucker gave the $20 Chief Sims had given to him to Harris for the VCR.
¶ 5. Testifying for the defense was Darrell Harris, whose testimony was inconsistent with the statement he had given Chief Sims on the day Sims received the VCR. Harris testified that he first heard about the VCR from Rucker. Harris said that Rucker called him to his outhouse to see the VCR and asked if he wanted to buy it. Harris said that he did not purchase the VCR but stored it for Rucker in his car because Rucker had no place for it. Harris said that he had seen Potts earlier that day, but he did not see Potts with the VCR. On cross-examination, Harris testified that he was on probation for the sale of cocaine and that as part of his probation he would go to jail if he committed other crimes.
¶ 6. Potts denied any involvement in the burglary and any transaction with Rucker.
DISCUSSION
I. EVIDENCE OF COCAINE POSSESSION AND USE SHOULD HAVE BEEN EXCLUDED UNDER M.R.E. 404(b).
¶ 7. Whether evidence is admissible is within the discretion of the trial judge. Davis v. State, 684 So.2d 643, 661 (Miss.1996); Johnston v. State, 567 So.2d 237, 238 (Miss.1990). His decision will not be overturned on appeal unless it was an abuse of discretion. Davis, 684 So.2d at 661; Johnston, 567 So.2d at 238. The Court will not reverse the trial court’s decision merely because of an erroneous evidentiary ruling. Newsom v. State, 629 So.2d 611, 614 (Miss.1993). The appellant must show that he was effectively denied a substantial right by the ruling before a reversal can be possible. Peterson v. State, 671 So.2d 647, 656 (Miss.1996); Newsom, 629 So.2d at 614. If a constitutional right has been violated, the case must be reversed unless the Court finds that the “error was harmless beyond a reasonable doubt” upon consideration of the entire record. Newsom, 629 So.2d at 614.
¶ 8. Since an examination of the record shows that there was no objection to any of the testimony regarding the exchange of the VCR for crack cocaine, this issue is barred from review as having been waived for lack of a contemporaneous objection, Smith v. State, 724 So.2d 280, 313 (Miss.1998). We will nevertheless review the assertion of error on its merits. The appellant asserts in this initial assignment of error that evidence of Potts’s cocaine possession and use should have been excluded under M.R.E. 404(b) and seeks the relief of having his conviction reversed and rendered. That rule states:
Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
*503 ¶ 9. During the direct testimony of Glynn Rucker, the State asked Rucker what Potts wanted in exchange for the VCR. Rucker replied, “He wanted some crack.” This testimony and the remainder of the direct examination connected the VCR that was traded for crack to the item taken from the home of the victim. Evidence of prior offenses committed by a defendant, not resulting in a conviction, is generally inadmissible either for impeachment purposes or as a part of the State’s case-in-chief. Mason v. State, 429 So.2d 569, 572-73 (Miss.1983). However, our law recognizes certain exceptions to the rule. Proof of another crime is admissible where the offense charged and that offered to be proved are so interrelated as to constitute a single transaction or occurrence or a closely related series of transactions or occurrences. Neal v. State, 451 So.2d 743, 758-59 (Miss.1984). Such proof of another crime is also admissible where it is material to prove motive. Id.
¶ 10. It is our opinion that the record shows that such testimony in this case was limited in scope and was related to the objective of the burglary as it was tied to evidence from the burglary. The act of exchanging the VCR for the crack was necessary to show how the VCR came into the possession of law enforcement and showed an apparent relation between the exchange and the stealing of the VCR. In addition, it was counsel for the defense that went into Rucker’s extensive history of drug use and his prior drug use with Potts as part of its trial strategy to challenge Rucker’s credibility. We thus find, in accordance with the relevant standard of review to which we are bound, that any error was harmless in light of the testimony elicited on cross-examination, Watts v. State, 717 So.2d 314, 323 (Miss.1998), and deny the requested relief.
II. THE VERDICT WAS NOT SUSTAINED BY THE WEIGHT OF THE CREDIBLE EVIDENCE.
If 11. In determining whether a jury verdict is against the overwhelming weight of the evidence, the court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. Herring v. State, 691 So.2d 948, 957 (Miss.1997) (citing Thornhill v. State, 561 So.2d 1025, 1030 (Miss.1989)). Only when the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will it be disturbed on appeal. Benson v. State, 551 So.2d 188, 193 (Miss.1989). Thus, the scope of review on this issue is limited in that all evidence must be construed in the light most favorable to the verdict. Mitchell v. State, 572 So.2d 865, 867 (Miss.1990).
¶ 12. Evidence of recent possession is legally sufficient for the jury to infer guilt of burglary. Shields v. State, 702 So.2d 380, 382 (Miss.1997). The law is clear that the jury is the judge of the weight and credibility of the testimony of each witness, and it is free to either accept or reject it. Bailey v. State, 729 So.2d 1255, 1264 (Miss.1999). Evidence presented showing that Potts was in recent possession of the VCR included the statement made by Harris to Chief Sims on the day after the burglary that Potts brought the VCR to Rucker in the back seat of his truck. Also, Glynn Rucker testified that Terry Potts came to his house on April 29th at approximately 5:00 p.m. with a VCR that he wanted to trade for crack. The jury apparently found this testimony to be more credible than that of Harris, whose testimony did not corroborate with the statement he had previously made and signed for Chief Sims, or than that of Potts himself, who denied any involvement in the crime.
¶ 13. We must refrain from reversal so long as there is credible evidence in the record from which the jury could have found or reasonably inferred each element of the offense charged. Mamon v. State, 724 So.2d 878, 881 (Miss.1998). We find that no relief should be granted upon this allegation of error.
*504 III. THE TRIAL COURT SHOULD HAVE DISMISSED THE CASE AT THE REQUEST OF THE PROSECUTION.
¶ 14. Potts claims that the trial court erred in not granting the State’s motion to dismiss. By statute, a district attorney cannot compromise a cause without the consent of the court regarding the dismissal of charges after an indictment. Miss.Code Ann. § 99-15-53 (Rev.1994); Singleton v. State, 618 So.2d 1290, 1291 (Miss.1993). The standard of review as to this power of the trial court is abuse of discretion. Moody v. State, 716 So.2d 592, 594 (Miss.1998). The record shows that the State sought dismissal of the case based upon its perception of what evidence regarding drug possession and use would be allowed or disallowed. The trial court, having determined that the evidence would be allowed for a limited purpose, refused to dismiss the case. We find no error, ascertaining that the court’s response was reasonable and balanced based on the facts of the case and applicable law.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF QUITMAN COUNTY OF CONVICTION OF BURGLARY OF A DWELLING AND SENTENCE OF FOUR YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND SENTENCE OF A TERM OF FOUR YEARS OF POST-RELEASE SUPERVISION AND TO MAKE FULL RESTITUTION TO THE VICTIM IS AFFIRMED. SENTENCE TO RUN CONSECUTIVE TO ANY AND ALL SENTENCES PREVIOUSLY IMPOSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO QUITMAN COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.