394 So.2d 1336 (1981)
James Russell MOORE
v.
STATE of Mississippi.
No. 52398.
Supreme Court of Mississippi.
February 18, 1981.
Rehearing Denied March 25, 1981.
Franklin J. George, Grenada, for appellant.
Bill Allain, Atty. Gen. by Billy L. Gore, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROBERTSON, BROOM and HAWKINS, JJ.
ROBERTSON, Presiding Justice, for the Court:
By his petition for writ of error coram nobis in the Circuit Court of Grenada County, James Russell Moore sought a vacation of his plea of guilty to the charge of burglary and a three-year sentence imposed, or, in the alternative, the withdrawal of his three year sentence and the imposition of an eleven-month sentence, as recommended by the district attorney.
Moore's position is that his plea bargaining agreement with the district attorney, which he contends induced him to change his plea from "not guilty" to "guilty" should have been carried out by the trial judge. From a denial of his petition, Moore appeals and assigns as error:
The Circuit Court of Grenada County, the Honorable Niles McNeel presiding, erred in overruling the motion to withdraw guilty plea. The basis of the change of plea was that James Russell Moore would be sentenced to eleven (11) months in the county jail with credit being given for the eleven (11) months already served. The recommendation was not followed. James Russell Moore was sentenced to three (3) years at the State Penitentiary. The court erred in overruling the petition for writ of error coram nobis.
Moore was indicted for the February 7, 1979, burglary of the Printer Office Supply Store in Grenada County. At his arraignment, he pleaded "not guilty" but changed his plea to "guilty", because the district attorney advised defense counsel that he would recommend a sentence of eleven months in the county jail with credit for the eleven months already served by the defendant.
On February 8, 1980, Moore changed his plea to "guilty" to the charge of burglary. The circuit judge carefully questioned defense counsel as to whether he had informed Moore of his legal and constitutional rights, the maximum penalty for burglary, and that the court did not have to follow the recommendation of the district attorney.
Defense counsel answered all these questions in the affirmative, and stated that he was satisfied that the defendant understood all of his rights, and that his change of plea was free and voluntary. The court then *1337 turned its attention to defendant Moore. To questions asked by the court, the defendant answered that his legal and constitutional rights had been explained to him, that he understood that the maximum penalty for burglary was seven years, that no one had abused or mistreated him or offered him any hope of reward to change his plea. Defendant Moore, under further questioning by the court, stated that he was pleading "guilty" freely and voluntarily, that he was pleading "guilty" because he did in fact break into the Printer Office Supply Store building with the intent to steal therein. Moore stated that he understood that the court did not have to accept the recommendation of the district attorney and that the court could sentence him to a maximum of seven years in the state penitentiary.
After this specific and detailed questioning of the defendant, the court announced that the change of plea would be accepted and then asked the district attorney for his recommendation. The district attorney recommended eleven months in the county jail, with credit for time already served. The court refused to accept the recommendation of the district attorney and sentenced Moore to three years in the Mississippi State Penitentiary.
We are of the opinion that the trial judge was correct in denying the petition for writ of error coram nobis. Defendant Moore and his attorney were carefully and fully advised that the district attorney's recommendation was just that  a recommendation only  and that the court was in no wise bound by it. This Court has said many times that it would not review the sentence if it is within the limit prescribed by statute. Ainsworth v. State, 304 So.2d 656 (Miss. 1975).
The case at bar is clearly distinguishable from Boyington v. State, 389 So.2d 485 (Miss. 1980). In Boyington, the trial judge had participated in the plea bargaining and had led Boyington to believe that, if he would serve as a confidential informant in other cases, he would give him a lighter sentence, as recommended by the district attorney. After that, Boyington performed his part of the bargain and served as a confidential informant in ten other cases. In the case at bar, the trial judge took no part in the plea bargaining, held himself completely aloof, and Moore clearly understood that the judge was not bound in any way by the recommendation of the district attorney.
The trial judge did not abuse his discretion when he denied the defendant the right to withdraw his "guilty" plea, or, in the alternative, sentence him to eleven months in the county jail with credit being given for the eleven months already served.
The order of the circuit judge denying the petition for writ of error coram nobis is, therefore, affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH, P.J., and SUGG, WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.