# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 95-KP-00848-SCT

*JONATHAN M. WHITE a/k/a JONATHAN MAURICE*
*WHITE*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 07/20/95 |
| TRIAL JUDGE: | HON. JERRY O. TERRY |
| COURT FROM WHICH APPEALED: | STONE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEIDRE MCCRORY |
| DISTRICT ATTORNEY | CONO CARANNA |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 6/26/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SULLIVAN, P.J., McRAE AND MILLS, JJ.**

**MILLS, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

On March 4, 1993, Jonathan M. White entered into a plea agreement and pled guilty to the charge of aggravated assault. White faced a maximum sentence of twenty years in prison if convicted of the charge of aggravated assault. The plea agreement recommended a ten year sentence with one year to be served in prison and nine years of the sentence to be suspended with supervised probation for five of the nine years. Judge Jerry Terry of the Circuit Court of Stone County considered the recommendation and then sentenced White to a twenty year sentence with one year to be served and nineteen years to be suspended including five years of probation. On July 2, 1993, Judge Terry revoked White's probation finding that White "was in violation of the terms of probation" and

imposed the original sentence of twenty years to serve with credit for time served. Aggrieved by the revocation of his suspended sentence, White appeals.

## STATEMENT OF THE ISSUES

**I. THE APPELLANT'S GUILTY PLEAS WERE NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY MADE, VIOLATING RULE 3.03 OF THE MISSISSIPPI UNIFORM RULES.**

**II. THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL DUE TO COUNSEL'S FAILURE TO INVESTIGATE THE CASE AND THE ERRONEOUS ADVICE TO ENTER PLEA OF GUILTY AS CHARGED.**

**III. THE APPELLANT WAS DENIED HIS RIGHT TO AN EVIDENTIARY HEARING UNDER THE MISSISSIPPI UNIFORM POST-CONVICTION COLLATERAL RELIEF ACT.**

## DISCUSSION

**I. THE APPELLANT'S GUILTY PLEAS WERE NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY MADE, VIOLATING RULE 3.03 OF THE MISSISSIPPI UNIFORM RULES.**

**Miss. Code Ann.** § 99-39-5 (1994), provides post conviction relief to "[a]ny prisoner in custody under sentence of a court of record of the State of Mississippi who claims . . . . [t]hat his plea was made involuntarily." **Miss. Code Ann.** § 99-39-5 (1994). Rule 3.03(2) of the Mississippi Uniform Criminal Rules of Circuit Court Practice (1979, as amended), provides:

> Before the trial court may accept a plea of guilty, the court must determine that the plea is voluntary and intelligently made and that there is a factual basis for the plea. A plea of guilty is not voluntary if induced by fear, violence, deception or improper inducements. A showing that the plea of guilty was voluntary and intelligently made must appear in the record.

Rule 3.03(2), Miss.Unif.Crim.R.Cir.Ct.Prac. (1979, as amended).

White asserts that he did not understand that the trial court was not bound to follow the recommendations of the district attorney, and therefore, his guilty plea was not voluntary.

While it is true that this Court has liberally reviewed whether the defendant based his plea agreement on falsely given information by defense counsel, this Court has not been nearly as liberal with its inquiry into reliance on state agreements. As seen in *Martin v. State*, 635 So. 2d 1352, 1354-55 (Miss. 1994), where the "circuit judge did not participate in the plea bargaining discussion between [the defendant] and the State . . . . the state's sentence recommendation was not binding on the court." *Martin*, 635 So. 2d at 1355. Furthermore, where the court informed the accused "that he is not bound to accept the state's recommendation, it is not error if the trial court does not follow the prosecutor's sentencing recommendation." *Moore v. State*, 394 So. 2d 1336, 1337 (Miss. 1981). In *Moore*, the judge carefully inquired into the defendant's understanding of the legal and constitutional rights being waived, minimum and maximum penalties, and that the court was not required to follow

the state's recommendations. The defendant acknowledged all points. The judge then accepted the plea and the recommended sentence. However, the trial court refused to follow the recommendations and sentenced the defendant to a longer period. *Moore*, 394 So. 2d at 1337. The test as stated in *Moore* is therefore, whether "the defendant and his attorney were carefully and fully advised that the district attorney's recommendation was just that -- a recommendation only -- and that the court was in no wise bound by it." *Id.*

White clearly received such careful and full advice that the recommendation by the State was merely a recommendation. This is clearly shown by the following excerpt from the plea hearing:

> The bottom line is this: Once I formally accept your plea of guilty, at that point the only thing left is the matter of sentence. I have sole discretion as to sentence. I can give you a sentence anywhere from the minimum to the maximum that I have discussed with you. *I may or may not follow the State's recommendation. I'm not bound to follow it.* The bottom line is so long as I give you a sentence authorized by law, even if you don't like it, even if it's not what was recommended, there is absolutely under no circumstances any right to an appeal from what I do.

(emphasis added).

The trial judge then further inquired into White's understanding of the rights being waived by pleading guilty. White acknowledged his understanding and stated that he could read and write. The judge then sentenced White to twenty years with nineteen suspended instead of the ten years with nine suspended as recommended by the state. This sentence was well within the power of the judge. This Court will not review the sentence if it is within the limits prescribed by statute. *Id.*

### II. THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL DUE TO COUNSEL'S FAILURE TO INVESTIGATE THE CASE AND THE ERRONEOUS ADVICE TO ENTER PLEA OF GUILTY AS CHARGED.

This State follows the *Strickland* test for effective assistance of counsel. To successfully claim ineffective assistance of counsel the Defendant must meet the two-prong test set forth in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984), and adopted by this Court. *Knight v. State,* 577 So.2d 392, 394 (Miss. 1991); *Barnes v. State,* 577 So. 2d 840, 841 (Miss. 1991); *McQuarter v. State,* 574 So. 2d 685, 687 (Miss. 1990); *Waldrop v. State.* 506 So. 2d 273, 275 (Miss. 1987); *Stringer v. State,* 454 So. 2d 468, 476 (Miss. 1984).

The *Strickland* test requires a showing of (1) deficiency of counsel's performance (2) sufficient to constitute prejudice to the defense. *McQuarter,* 574 So. 2d at 687. The burden to demonstrate both prongs is on the defendant, who faces a strong but rebuttable presumption that counsel's performance falls within the broad spectrum of reasonable professional assistance. *Id.*; *Waldrop,* 506 So. 2d at 275; *Gillian v. State,* 462 So. 2d 710, 714 (Miss. 1985).

The defendant's assertion that he suffered from ineffective assistance of counsel due to the fact that the trial judge imposed a sentence equal to the maximum possible is patently false. Defense counsel obviously engaged in negotiations with the State sufficient to result in the recommended lighter sentence. There is no evidence that defense counsel acted ineffectively in White's defense. Therefore,

the decision of the trial court is affirmed as to this issue.

### III. THE APPELLANT WAS DENIED HIS RIGHT TO AN EVIDENTIARY HEARING UNDER THE MISSISSIPPI UNIFORM POST-CONVICTION COLLATERAL RELIEF ACT.

The trial court dismissed White's petition pursuant to **Miss. Code Ann. §** 99-39-11 (2)(1994) which provides:

> If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause to the prisoner to be notified.

**Miss. Code Ann.** § 99-39-11(2) (1994).

White presents no arguments of merit requiring an evidentiary hearing. Therefore, the trial court acted properly, White's argument is without merit, and the decision of the trial court is affirmed as to this issue.

**LOWER COURT'S DENIAL OF POST CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, ROBERTS AND SMITH, JJ., CONCUR.**