BRIDGES, P.J;,
for the Court.
¶ 1. On November'22, 2002, before the Circuit Court of Pike County, Bobby Glenn Wall pled guilty to the charges of escape of a prisoner-from jail and unlawful taking of a motor vehicle. Wall was sentenced to serve three years for the crime of escape of a prisoner from jail and two years for unlawful taking of a motor vehicle, both to be served in the custody of the Mississippi Department of Corrections and to run consecutively to "each other and consecutively to his other sentence presently being served.
¶ 2. On November 12, 2003, Wall filed a motion for post-conviction relief claiming improper indictment and ineffective assistance of counsel. Wall filed an amended motion for post-conviction relief on December 9, 2003. Wall’s motion was denied in an order dated December 10, 2003, which did not consider the amended motion with an additional claim. The trial court later denied the amended' motion in an order dated January 22, 2004. Wall appealed the December 10, 2003 order on December 18, 2003, and.has yet to file an appeal of the January 22, 2004 order. However, since Wall’s amended motion was filed before the judgment was entered on the original motion, the amended motion will relate back and be made a part of the original. Therefore, we will consider all issues appealed.
STATEMENT OF THE ISSUES
I. WHETHER THE TRIAL COURT ERRED IN SENTENCING WALL TO CONSECUTIVE SENTENCES WHERE PROMISE, INDUCEMENT AND PLEA AGREEMENT WERE FOR THE SENTENCES TO RUN CONCURRENTLY AND CONCURRENTLY WITH THE SENTENCE WALL WAS ALREADY SERVING?
II. WHETHER THE TRIAL COURT ERRED IN REMAINING SILENT AS TO WHETHER OR NOT IT WOULD ACCEPT OR REJECT THE PLEA AGREEMENT MISLEADING WALL TO BELIEVE THAT THE AGREEMENT WOULD BE FULFILLED AFTER A PLEA OF GUILTY WAS ENTERED?
FACTS
¶ 3. On February 21, 2002, Wall was indicted for escape from prison and unlawful taking of an automobile. Wall, convict *619 ed of eleven prior offenses in three states, was also indicted as an habitual offender under Section 99-19-81 of the Mississippi Code. Wall pled guilty before the Circuit Court of Pike County and was sentenced to serve a three year sentence and a two year sentence consecutively to each other and consecutively to the sentence he was serving when he escaped.
¶ 4. Wall’s motion for post-conviction relief was filed on November 12, 2003, and claimed improper indictment and ineffective assistance of counsel. This motion was denied without hearing on December 10, 2003, and Wall appealed. An amended motion was filed including an additional issue of improper sentencing. Wall believed he would receive concurrent sentences rather than consecutive sentences. The trial court also denied this motion.
ANALYSIS
I. WHETHER THE TRIAL COURT ERRED IN SENTENCING WALL TO CONSECUTIVE SENTENCES WHERE PROMISE, INDUCEMENT AND PLEA AGREEMENT WERE FOR THE SENTENCES TO RUN CONCURRENTLY AND CONCURRENTLY WITH THE SENTENCE WALL WAS ALREADY SERVING?
¶ 5. The recommended sentence given to Wall by the district attorney’s office was provided as an exhibit to his motion for post-conviction relief. In the recommended sentence Wall was to receive ten years for the charge of escape from prison and five years for the charge of unlawful taking of an automobile. These sentences as listed on the district attorney’s recommended sentence form were to run concurrently with each other and with the sentence he was already serving. Wall did not receive these sentences. He received a sentence of three years on the first count and two years on the second and they were not to run concurrently but consecutively.
¶ 6. Ordinarily a trial judge is not bound by the terms of a plea agreement because it is the product of a bargaining process between the defendant and the prosecutor, and the judge is not a party to the agreement. Martin v. State, 635 So.2d 1352, 1355 (Miss.1994). The trial judge’s decision to accept or reject a plea is within the exercise of sound judicial discretion. Miss.Code Ann. § 99-15-53 (Rev.2000); Moody v. State, 716 So.2d 592, (¶ 9) (Miss.1998); Martin, 635 So.2d at 1355.
¶ 7. Wall’s sentence was not concurrent like it stated in the recommendation; however, he was only sentenced to a total of five years when the recommendation was for fifteen. Therefore, the sentence given to Wall was within the bounds set by the statute and was not an abuse of the Circuit Court’s discretion. Wall’s appeal on this issue is denied.
II. WHETHER THE TRIAL COURT ERRED IN REMAINING SILENT AS TO WHETHER OR NOT IT WOULD ACCEPT OR REJECT THE PLEA AGREEMENT MISLEADING WALL TO BELIEVE THAT THE AGREEMENT WOULD BE FULFILLED AFTER A PLEA OF GUILTY WAS ENTERED?
¶ 8. Wall did not provide any legal authority to support the claims on this issue. An appellant has a duty to provide authority and support an assignment of error. Hoops v. State, 681 So.2d 521, 522 (Miss.1996). Assignments of error that are unsupported by citation or authority are considered abandoned.
*620 ¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF PIKE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.
KING, C.J., LEE, P.J., MYERS, CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY. ISHEE, J., NOT PARTICIPATING.