918 So.2d 776 (2005)
Kenny REED A/K/A Kenneth Lewis Reed, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2004-CP-00068-COA.
Court of Appeals of Mississippi.
May 17, 2005.
*777 Kenny Reed, Appellant, pro se.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
Before LEE, P.J., MYERS and BARNES, JJ.
MYERS, J., for the Court.
¶ 1. On May 28, 2001, Kenny Reed was indicted for the offense of aggravated assault against Ms. Mary Ford, in violation of Mississippi Code Annotated § 97-3-7(2)(b) (Rev.2000). On June 3, 2001, Reed pled guilty to the charge and was sentenced to a term of twelve years imprisonment in the custody of the Mississippi Department of Corrections. Reed filed his motion for post-conviction relief with the Circuit Court of Scott County, Mississippi, which was subsequently denied. Aggrieved by the court's ruling, Reed appeals, raising the following three issues:
I. WHETHER REED RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
II. WHETHER THE TRIAL COURT ERRED BY NOT SENTENCING REED IN ACCORDANCE WITH THE ORIGINAL TERMS OF THE PLEA AGREEMENT.
III. WHETHER REED WAS ENTITLED TO AN EVIDENTIARY HEARING AND A COPY OF THE TRANSCRIPT AS PART OF THE APPELLATE RECORD.
¶ 2. Finding no error, we affirm.

STATEMENT OF FACTS
¶ 3. On May 28, 2001, Kenny Reed was indicted for the February 15, 2001 stabbing of Mary Ford, and charged with aggravated assault pursuant to Mississippi Code Annotated § 97-3-7(2)(b). On June 3, 2001, Reed entered a plea of guilty to the charge and was sentenced to a term of twelve years imprisonment. On October 29, 2003, Reed filed his motion for post-conviction relief in the Scott County Circuit Court, which was ultimately denied. Disagreeing with the circuit court's ruling, Reed appeals the denial of his motion for post-conviction relief.

LEGAL ANALYSIS

I. WHETHER REED RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.

STANDARD OF REVIEW
¶ 4. The standard of review for a claim of ineffective assistance of counsel follows a two-part test, as originally established by Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This test has been stated as follows: "the defendant must prove, under the totality of the circumstances, that (1) his attorney's performance was deficient and (2) the deficiency deprived the defendant of a fair trial." Woodson v. State, 845 So.2d 740, 742(¶ 8) (Miss.Ct.App.2003) (citing Hiter v. State, 660 So.2d 961, 965 (Miss.1995)). The defendant "must show that there is a reasonable probability that, but for his attorney's errors, he would have received a different result in the trial court." Id. at (¶ 9). Our review is "highly deferential to the attorney, with a strong presumption that the attorney's conduct fell within the *778 wide range of professional assistance." Id. at (¶ 8).

DISCUSSION
¶ 5. Reed's first contention of error is that he received ineffective assistance of counsel due to counsel's failure to investigate whether Reed's plea was knowing and voluntary. The Mississippi Supreme Court has addressed this issue previously, stating that counsel at a minimum has a duty to interview potential witnesses and make an independent investigation of the facts and circumstances of the case. Brown v. State, 798 So.2d 481, 496(¶ 21) (Miss.2001). Though the supreme court cautioned that a failure to do such will not alone give rise to ineffective assistance of counsel. Id. Such determination is proper, as the second prong of the Strickland test will not have been met, a showing that the outcome of the trial would have been different but for counsel's deficient performance. Id.
¶ 6. Further, during the plea hearing, the following colloquy took place:
Q. Are you satisfied with Mr. Brooks, the way he has represented you?
A. Yes, sir.
Q. Do you have any complaint about his representation of you?
A. No, sir.
Q. You feel he has properly represented you in this case?
A. Yes, sir.
Q. Did he explain the minimum and maximum penalty for the crime for which you have entered your plea of guilty?
A. Yes, sir.
Q. Do you understand it?
A. Yes, sir.
BY THE COURT: Mr. Brooks, what explanation did you make?
BY MR. BROOKS: Your Honor, we explained to him he [is] being charged with aggravated assault, that the minimum time he could be sentenced to would be zero years, the maximum twenty years. That he could also receive a fine anywhere from zero dollars to $10,000.00.
Q. (Court) Did you understand that?
A. Yes, sir.
¶ 7. As the above quoted portion of the trial transcript demonstrates, Reed specifically announced that he was satisfied with the performance of his counsel. Therefore, it cannot be stated that his attorney's performance was deficient, and that such a deficiency deprived Reed of a fair trial. It also cannot be stated that had his counsel's performance been different, the outcome of the trial would have changed. The trial judge found that his plea agreement was entered knowingly and voluntarily. It is clear from that record that Reed entered his plea agreement knowingly and voluntarily, and as such, this assignment of error is without merit.

II. WHETHER THE TRIAL COURT ERRED BY NOT SENTENCING REED IN ACCORDANCE WITH THE ORIGINAL TERMS OF THE PLEA AGREEMENT.

DISCUSSION
¶ 8. Reed next argues that the trial court erred by failing to accept the original plea agreement reached between Reed and the State. Under the terms of the original agreement, Reed would be sentenced to a term of ten years imprisonment. When the trial court asked the victim in this case whether or not that sentence would be acceptable to her, she replied that she did not feel that a ten year sentence was adequate. Due to the comments of Ms. Ford, the victim, the trial judge denied the original plea agreement. The court then determined *779 that a twelve year sentence, of a potential twenty year sentence, would be proper and Reed agreed to this term. Reed's acceptance is as follows:
BY MR. BROOKS: Your Honor, the Defendant desires to continue with his plea.
BY THE COURT: Kenneth Lewis Reed, I received the objection of the victim of this case. I have had a bench conference with your attorney and the District Attorney, and, I told them in spite of the objection that she had to the sentence, that I would agree to twelve years. I observed Mr. Brooks having a conversation with you, and, you have now approached the Bench saying that you agree to accept the plea-bargained agreement of twelve years. Is that your plea-bargaining agreement?
BY THE DEFENDANT: Yes, sir.
BY THE COURT: You want this Court to accept that agreement and sentence you accordingly?
BY THE DEFENDANT: Yes, sir.
BY THE COURT: With the understanding you are entitled to have a trial if you want a trial?
BY THE DEFENDANT: Yes, sir.
BY THE COURT: And, I will have the jury brought in tomorrow morning and give you a trial. If you want a trial, I will bring the jury in in the morning, and, you will have a trial by jury.
BY THE DEFENDANT: No, sir.
BY THE COURT: So, you want the Court to accept your plea of guilty and twelve year sentence, right?
BY THE DEFENDANT: Yes, sir.
BY THE COURT: It's the sentence of this Court, Kenneth Lewis Reed, that you serve twelve years with the Mississippi Department of Corrections.
¶ 9. As the transcript reflects, Reed clearly understood the agreement he was making. Reed was informed that the original plea agreement of ten years was not going to be accepted by the trial court and that should he wish to plead guilty to the crime charged, he would have to be willing to accept a sentence of twelve years imprisonment. The case of Daggans v. State, 741 So.2d 1033 (Miss.Ct.App.1999) addresses this issue on point. The Daggans court held:

Moore v. State, 394 So.2d 1336, 1337 (Miss.1981) disposes of Daggans's argument. In Moore, "the trial judge took no part in the plea bargaining, held himself completely aloof, and Moore clearly understood that the judge was not bound in any way by the recommendation of the district attorney." The judge rejected the State's recommendation that Moore serve "eleven months in the county jail with credit for the eleven months already served" on a charge of burglary. Id. Instead, the judge "sentenced Moore to three years in the Mississippi State Penitentiary." Id. The supreme court affirmed the judge's rejection of the State's recommendation, which it had made pursuant to an agreement with Moore. Id.

Daggans, 741 So.2d at 1038(¶ 15).
¶ 10. It is well-settled law in Mississippi that the trial court is not bound by the recommendation of sentence offered by the district attorney. Reed was aware that the terms of the original plea agreement had been rejected by the trial court, and, rather than go to trial, Reed accepted the sentence of the trial court under the revised plea bargain. As such, this issue is without merit.

III. WHETHER REED WAS ENTITLED TO AN EVIDENTIARY HEARING AND A COPY OF THE TRANSCRIPT AS PART OF THE APPELLATE RECORD.

DISCUSSION
¶ 11. Reed's last assignment of error is that the he was entitled to a copy of *780 his trial transcript and that the trial court erred by denying him relief without an evidentiary hearing. Reed's assertion that he was denied a copy of the transcript is without merit, as the trial transcript is contained within the record before us on appeal. Therefore, we will not address this contention.
¶ 12. Secondly, Reed claims that the trial court erred by failing to grant an evidentiary hearing. The standard of review is stated as follows:
As to Vance's contention that he should have been given an evidentiary hearing, we find that there was no error on the part of the trial judge. Vance concluded that he would not have pled guilty if he had been given the correct information. There were no affidavits in support of any of Vance's allegations other than his own. An evidentiary hearing is only imperative where the transcript of the plea hearing "does not reflect that [the petitioner] was advised concerning the rights of which he allegedly claims ignorance." Roland v. State, 666 So.2d 747, 751 (Miss.1995); Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). It is clear to this Court from the record provided that Vance was explicitly informed by the trial judge of his right to a trial by jury. It is also clear from the record that Vance was informed by the trial judge that a guilty plea would constitute a waiver of those rights. In addition, although the judge had no duty to inform Vance of a minimum sentence of zero, Vance was aware of the minimum sentence of zero according to the record. Furthermore, the record clearly indicated that Vance understood those rights. Therefore, in accordance with the holdings in Roland and Alexander, we hold that the trial judge was correct in denying Vance an evidentiary hearing.
Vance v. State, 803 So.2d 1265, 1270(¶ 23) (Miss.Ct.App.2002).
¶ 13. As explained in the Vance decision, the trial court did not err by denying an evidentiary hearing upon Reed's motion for post-conviction relief. The trial judge was present at the original hearing, and the record, which included the full transcript, was available for his review to assist in making his determination on Reed's motion for post-conviction relief. As illustrated above, Reed was well aware of the minimum and maximum sentence which could be imposed, as well as the waiver of his right to trial by jury. As such, it cannot be stated that the trial judge's ruling was in error. Therefore, this issue is without merit.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF SCOTT COUNTY OF DENIAL OF POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SCOTT COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ. CONCUR.